Elizabeth Woods
Law Offices of Elizabeth K. Woods
PO Box 683
Chester, MT 59522
woodslaw@itstriangle.com
Tel. (406)759-5174
Attorney for Plaintiff Elliott

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DIANNE ELLIOTT, Individually, | ) |
| Plaintiff. | ) ) ) CV-23-19-GF-BMM-JTJ |
| vs. | ) ) |
| BILLINGS CLINIC and SUN LIFE FINANCIAL (U.S.) SERVICES CO., INC. (d/b/a) SUN LIFE, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**

NOW COMES Plaintiff Dianne Elliott, complaining of Defendants, Billings Clinic and Sun Life Financial (U.S.) Services Company, Inc. (hereinafter "Sun Life"), pursuant to § 502 of ERISA, 29 U.S.C. and alleges and says:

1. Plaintiff is currently a resident of Liberty County, Montana. The allegations in this complaint are based on Defendants'

termination of Plaintiff's long term disability benefits under a Policy issued, sponsored, and administered by Billings Clinic and insured by Sun Life.

2. Upon information and belief, Defendant Billings Clinic is a corporation or other form of business entity organized and existing under the laws of the State of Montana and maintaining its principal place of business in Billings, Montana. Upon information and belief, at all times relevant hereto, the Sun Life Policy was issued under the name of Billings Clinic. The Group Insurance Policy (Number 246228-003) offered, among other benefits, short and long term disability benefits to its employees, including Plaintiff.

3. Upon information and belief, Defendant Sun Life is a corporation or other form of business entity organized and existing under the laws of the State of Delaware and maintaining its principal place of business in Wellesley Hills, Massachusetts.

4. This court has subject matter jurisdiction over Plaintiff's claims pursuant to both 29 U.S.C. § 1132(e)(1) and the terms of the Policy.

5. Prior to her disability and beginning in or about June 1987, Plaintiff was employed as a Registered Nurse for Billings Clinic. On or about September 21, 2017, Plaintiff stopped working due to transverse myelitis, chronic fatigue, cognitive retention disorder, neuropathic pain, sleep apnea, spasticity, bowel/bladder incontinence, right knee degenerative changes with meniscal injury, and myalgic encephelomyelitis.

6. Plaintiff timely and properly filed a claim for long term disability benefits, which claim was approved on or about December 21, 2017. Without any basis in law or medical fact, and in willful disregard of Plaintiff's doctors' opinions and the clear language of the Policy, Defendant Sun Life terminated Plaintiff's benefits beginning on or about July 18, 2019.

7. On or about January 31, 2020, Plaintiff timely filed an appeal disputing the termination of her long term disability benefits, which appeal was denied by Defendant Sun Life on or about May 1, 2020.

8. Plaintiff has exhausted her administrative remedies.

9. Plaintiff has remained under the regular care of a licensed physician for the disabling conditions described herein.

10. Plaintiff remains disabled and, pursuant to her doctors' conclusions and orders, is unable to perform the duties of any gainful occupation for which she is reasonably qualified by education, training or experience.  Defendant Sun Life has wrongfully -- without any basis in law or medical fact and in total disregard of the clear language of the Policy -- refused to pay Plaintiff her long term disability benefits beyond July 2019.

### FIRST CLAIM FOR RELIEF

11. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-10, above.

12. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a Policy participant, including Plaintiff, to bring a civil action to recover benefits due to her under the terms of a Group Insurance Policy, to enforce her rights under the terms of the Policy and/or to clarify her right to benefits under the terms of the Policy.

13. By terminating Plaintiff's claim for long term disability benefits, Defendants have violated the terms of the Policy and Plaintiff's

rights thereunder.

14. Defendants are liable to Plaintiff for a sum exceeding $10,000.00 to date, plus interest, costs and reasonable attorneys' fees as by law provided.

## SECOND CLAIM FOR RELIEF

15. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-14, above.

16. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a Policy participant, including Plaintiff, to bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of the Policy or ERISA or to enforce any terms of the Policy or ERISA.

17. Defendants have violated the terms of the Policy and ERISA by wrongfully terminating Plaintiff's long term disability benefits and by refusing to pay past and future benefits.

18. Plaintiff is entitled to an order of the Court enjoining Defendants from further violations of the Policy and compelling Defendants to make payments to Plaintiff for long term disability benefits in accordance with the terms of the Policy.

WHEREFORE, Plaintiff prays the Court for the following relief:

1. Judgment declaring that Defendants have violated the terms of the Policy and Plaintiff's rights thereunder by terminating and refusing to pay Plaintiff's long term disability benefits under the Policy;

2. Judgment ordering Defendants to pay Plaintiff's long term disability benefits pursuant to the terms of the Policy in an amount equal to the amount of unpaid benefits as of the date of the Court's judgment, which amount exceeds $10,000.00;

3. Judgment declaring Plaintiff's right to receive future long term disability benefits and payments under the terms of the Policy and enjoining Defendants from further violations of the terms of the Policy;

4. Judgment awarding Plaintiff prejudgment interest on all damages requested and awarded herein;

5. Judgment awarding Plaintiff reasonable attorneys' fees and costs incurred pursuant to ERISA 502(g), 29 U.S.C. § 1132(g); and

6. Such other and further relief as the Court deems necessary and proper.

Respectfully submitted on this 26th day of April, 2023.

/s/ *Elizabeth Woods*
Elizabeth Woods
Attorney for Plaintiff
State Bar # 3726

FOR THE FIRM:

Law Offices of Elizabeth K. Woods
PO Box 683
Chester, MT 59522
(406)759-5174

Case 4:23-cv-00019-BMM Document 1 Filed 04/27/23 Page 8 of 8